Oldham, J. It has frequently been decided that the State Leg-' sslatures have the power to pass laws abolishing imprisonment for debt, and that such laws may operate upon present as well as future cases without impairing the obligation of contracts : that such laws act merely upon the remedy only, and that in part only. Sturgis vs. Crowningsheild,4 Wheat.200. 4 Cond. R. 409. Mason vs. Haile, 12 Wheat. 370. 6 Cond. R. 535. Beers vs. Haughton, 9 Peter’s R. 359. It was also held in Beers vs. Haughton, that where the principal would be entitled to an immediate discharge if he had been surrendered there the bail are entitled to relief by entering an ex-oneratur without any surrender: and a fortiori, this doctrine applies where the law prohibits the party from being imprisoned, or where by the positi ve operation of the law a surrender is prevented. Such is the case here. After the execution of the bail bond, but before the return day of the ca. sa. the legislature repealed all laws authorizing imprisonment for debt except in cases of fraud. Had Pitchlynn been in jail at the time of the passage of the act he would have been entitled to an immediate discharge, tie was no longer liable to be imprisoned either upon a voluntary surrender, or surrender by his bail. The bail was deprived by law of the power to surrender his principal in discharge of the bail bond, and therefore a failure to surrender him did not render the bail liable for the debt. The circuit court therefore erred in overruling the demurrer to the declaration: wherefore the judgment is reversed.